## NORTH ALLEGHENY SCHOOL DISTRICT, Petitioner,

v.

## GREGORY P. and His Parents, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Dec. 24, 1996.

---

Michael L. Brungo, Pittsburgh, for petitioner.

Craig E. Frischman, Pittsburgh, for respondents.

Before SMITH and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

LEADBETTER, Judge.

North Allegheny School District (District) appeals from an order of the Special Education Appeals Panel (Panel) reversing the hearing officer's decision and requiring the District to transport Gregory (Respondent) to and from both his mother's and father's residences. The Panel also ordered the District to reimburse Gregory's father for the transportation that he had already provided. The question presented is whether the District is obligated to provide transportation for a special education student to and from the residence of both the student's father and his mother when the father resides outside the boundaries of the District.

Gregory, a seven year old hearing-impaired student, is a resident of North Allegheny School District. Gregory's parents were divorced in August of 1994. Pursuant

to a custody consent order issued on January 11, 1994, Gregory's mother, who lives in North Allegheny School District, was granted primary legal custody with respect to his education and child care needs. However, the order divided physical custody evenly between his mother and father (a resident of the City of Pittsburgh) who arranged for Gregory to live with each of them on alternating weeks.

Gregory was enrolled in the District's Hearing Impaired Support Resource Room Program prior to the beginning of the 1995–96 school term. On September 29, 1995, Gregory's parents met with the District to develop a new Individual Education Program (IEP). The parties agreed on all aspects of Gregory's educational program except for transportation. The District agreed to provide transportation to and from school and Gregory's mother's house. Gregory's father sought to have the District provide transportation to and from his residence on the alternating weeks when Gregory stayed with him, but the District refused because his father lived outside the district.

Gregory's father requested a due process hearing to decide the issue. On January 5, 1996, the hearing officer ordered that the District had no obligation to transport Gregory when he stayed with his father. Gregory's father filed exceptions with the Special Education Appeals Panel, which reversed the hearing officer's determination and ordered the District to reimburse Gregory's father for the transportation already provided. This appeal followed.

■ Pennsylvania school districts are required to provide free transportation to "[a]ny exceptional child, who is regularly enrolled in a special class that is approved by the Department of Public Instruction, or who is enrolled in a regular class in which approved educational provisions are made for him . . . ." Public School Code of 1949, Act of March 10, 1949, P.L. 30, art. XIII, § 1374, *as amended,* 24 P.S. § 13–1374. In addition, the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1412(1), requires that states receiving federal funds for education of handicapped children provide those children with a "free appropriate public edu-

cation," consisting of special educational instruction and "related services" designed to meet the unique needs of the handicapped child. *Laughlin v. Central Bucks Sch. Dist.,* No. 91–7333, 1994 WL 8114, at *1, 1994 U.S. Dist. LEXIS 201, at *2–3 (E.D.Pa. Jan. 11, 1994); 22 Pa.Code § 14.1. In order to meet IDEA's standards, schools are required to establish for each eligible child an Individualized Education Program (IEP) which is "reasonably calculated to enable the child to receive educational benefits." *Laughlin,* 1994 WL 8114, at 20, 1994 U.S. Dist. LEXIS 201, at 5.

"Related services" are defined by IDEA and the Pennsylvania Code as transportation and developmental, corrective and other supportive services required to assist an exceptional student to benefit from special education. *Laughlin,* 1994 WL 8114, at 27, 1994 U.S. Dist. LEXIS 201, at 90, 34 C.F.R. § 300.16 (1996); 22 Pa.Code § 14.1. Pursuant to IDEA and the Public School Code, the Pennsylvania Department of Education adopted 22 Pa.Code §§ 14.1—14.74. In particular, section 14.33(b) requires that:

> (b) The IEP team shall conclude that transportation to and from school or to and from an extracurricular activity, or a developmental, corrective or supportive service needed by an exceptional student during school hours, is a related service, if it determines that one of the following criteria has been met.
>
> (1) The service in question is an integral part of an educational objective of the student's IEP.
>
> (2) The service is needed to assist the student to benefit from or gain access to a special education program.

The Panel concluded that section 14.33(b) requires the District to provide transportation to and from school and does not limit such transportation to residences within the district. The District recognizes that this obligation is absolute. However, on appeal, the District asserts that it complies with this duty by providing transportation to his mother's home. Moreover, the District contends that neither state nor federal law requires that it provide transportation to two loca-

tions, one of them outside the district, because the child's parents have chosen a custody arrangement which takes the child outside the district on alternating weeks.

Pennsylvania courts have not yet addressed the question whether transportation required under section 14.33(b) includes out-of-district transportation nor has the legislature commented on this point directly. However, the language of the statute clearly states the standard for determining whether transportation will be required without referring to any limitations based on the location or district of residence of the child.

Indeed, the United States Court of Appeals for the Fifth Circuit has stated that transportation required as a related service under the IDEA is not limited by the geographic boundaries of the school district. *Alamo Heights Independent Sch. Dist. v. State Bd. of Educ.*, 790 F.2d 1153, 1160 (5th Cir. 1986). In that case, the supplemental transportation outside the district was shown to be required to prevent "significant regression" of the child's educational process during the summer. *Id.* at 1155. The court held that because the transportation request was not shown to be unreasonable, the Act required that such transportation be provided as a related service. *Id.* at 1160.

 We agree with the Fifth Circuit that district boundaries are not determinative of the district's obligation to meet a particular request for transportation as a related service. Clearly, where necessary to some integral part of the student's special educational needs, a district must provide related services even where this imposes a substantial burden on the district. Moreover, we believe that where a related service, although not indispensable to an appropriate educational program for the child, is reasonably calculated to advance the goals of the student's IEP, the expected benefit to the child must be weighed against the projected cost or burden imposed upon the district. Such a balancing test was applied in *Alamo Heights*. There, because the educational benefit was substantial and the burden on the district not unreasonable, the requested supplemental transportation was held to be required.

 Here, however, the additional transportation requested serves not to address any of Gregory's special educational needs, but only to accommodate the particular domestic arrangements which Gregory's parents have made. It is unfortunate that parents who live apart, whether by choice or necessity, face greater difficulties in meeting their responsibilities to their children. The particular transportation problems imposed by a shared custody arrangement between parents living substantial distances apart falls equally on those whose children have no special educational needs. Mitigating such hardships, however, is not the purpose of the IDEA or the Public School Code. These acts require that the district provide each exceptional student with an appropriate education, transportation between his residence and his school, and additional transportation or other related services *where needed to address his educational needs*.[1] This is an important and sometimes heavy responsibility, but it does not extend to accommodating all the lifestyle preferences and personal needs of parents whose children happen to have special educational needs.

Accordingly, the order of the Special Education Appeals Panel is reversed.

### *ORDER*

AND NOW, this 24th day of December, 1996, the order of the Special Education Appeals Panel is reversed.

---

1. We do not hold that the sort of transportation requested here could never be found to be a related service within the meaning of section 14.33, only that no such showing was made here.