# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3176

_____

| | | |
|---|---|---|
| Darlene Fick, on behalf of | * | |
| Sarah Fick, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Sioux Falls School District 49-5, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 16, 2003

Filed: July 23, 2003

_____

Before BOWMAN and BYE, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

BYE, Circuit Judge.

This is a dispute over whether the Sioux Falls School District (the District) must transport Sarah Fick to a day care center after school, rather than to her home, in order to provide a free appropriate public education under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1487. Both a state hearing

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

examiner and the district court[2] held the District did not violate the IDEA, because transportation to the day care center was not necessary for Sarah to benefit educationally from her individualized education plan (IEP).  We affirm.

I

Sarah Fick suffers from epileptic seizures.  When a seizure occurs, Sarah must receive a shot of Valium from a qualified nurse within a short period of time. This condition requires the District to provide Sarah transportation to and from school as a "related service"[3] under the IDEA.  The District satisfies this requirement by providing Sarah with a nurse-accompanied taxi ride to school in the morning, and back to her home in the afternoon.

The District has created geographical "cluster sites" within its boundaries to provide better and more efficient education services to its students.  For example, the cluster sites allow children to be with the same neighborhood peer groups as they move through elementary school, middle school, and high school.  During the 2000-2001 school year, the District had three cluster sites for its elementary school children located at John Harris, John F. Kennedy, and Hawthorne Elementary Schools.  Sarah Fick lived in the John Harris cluster site.

The District uses the cluster boundaries to establish transportation policies for all children, both regular and special education, who are eligible for transportation to

_____

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

[3]20 U.S.C. § 1401(22) of the IDEA defines "related services" in relevant part as "transportation . . . as may be required to assist a child with a disability to benefit from special education[.]"

and from school. Students are allowed one designated pick-up address before school and one drop-off address after school. The addresses do not have to be the same, but both must be located within the child's cluster boundaries. The District will, however, transport a disabled child outside her designated cluster site when the transportation is necessary for the child to benefit from her IEP.

In October 2000, Sarah's mother, Darlene, asked the District to change Sarah's designated drop-off address from her home to an after-school day care center called Liberty Center. The District refused to change Sarah's drop-off point because Liberty Center was outside the boundaries of Sarah's cluster site. Darlene renewed her request at an IEP meeting held in February 2001. When that request was denied as well, Darlene filed a complaint with the state Office of Special Education (OSE). After an informal investigation, the OSE determined the District violated the IDEA by failing to accommodate the transportation request, and ordered the District to pay for Sarah's transportation to Liberty Center.

The District requested a due process hearing to contest the OSE's decision. After a formal hearing, a state hearing examiner issued written findings of fact and conclusions of law determining the District had not violated the IDEA. The state hearing examiner concluded the transportation request was made for personal reasons unrelated to Sarah's educational needs, and therefore the District was not required to pay for the transportation.

Darlene Fick challenged the hearing examiner's decision by filing suit in the district court. Noting that Darlene made her request for personal reasons unrelated to Sarah's educational needs, the district court also concluded the District had not violated the IDEA by refusing to transport Sarah to a drop-off address outside her designated cluster site. Ms. Fick timely appealed the district court's decision.

II

In IDEA cases we review the district court's decision de novo, <u>Strawn v. Mo. State Bd. of Educ.</u>, 210 F.3d 954, 958 (8th Cir. 2000), but, like the district court we must give "due weight" to the state administrative proceedings.  <u>Fort Zumwalt Sch. Dist. v. Clynes</u>, 119 F.3d 607, 610 (8th Cir. 1997).

We believe our decision in <u>Timothy H. v. Cedar Rapids Cmty. Sch. Dist.</u>, 178 F.3d 968 (8th Cir. 1999), is dispositive.  That case, like this one, involved a parental request to transport a disabled child to a school outside a neighborhood school boundary.  The Cedar Rapids School District had an intra-district transfer policy which allowed parents to send their child to a school other than the neighborhood school as long as the parents paid for transportation.  We held the school district did not violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by refusing to pay to transport a disabled child to a school outside the neighborhood boundaries.  Specifically, we said the child's parents failed to prove the child was denied the benefits of participating in the intra-district transfer program, because all parents in the district had to pay for transportation costs in order to participate in the program.  <u>Id.</u> at 971-72.  We concluded all of the disabled child's educational needs were being met by the school within the neighborhood boundaries, and the request for transportation to a school outside the boundaries was "for reasons of parental preference" only.  <u>Id.</u> at 973.

In short, <u>Timothy H.</u> indicates a school district may apply a facially neutral transportation policy to a disabled child without violating the law when the request for a deviation from the policy is not based on the child's educational needs, but on the parents' convenience or preference.  <u>See also</u> <u>N. Allegheny Sch. Dist. v. Gregory P.</u>, 687 A.2d 37, 40 (Pa. Commw. Ct. 1996) (holding IDEA requires transportation of disabled child only to address his educational needs and does not require school district to accommodate a parent's unrelated non-educational preferences).  We

conclude <u>Timothy H.</u> controls our decision here because the pertinent obligation of the District under Section 504 is the same as its obligation under the IDEA: "To provide disabled students with a free appropriate public education." <u>Gill v. Columbia 93 Sch. Dist.</u>, 217 F.3d 1027, 1034 (8th Cir. 2000). We therefore affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.