[J-25-2015] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| TIMOTHY L. WATTS, | : No. 112 MAP 2014 |
| | : |
| Appellee | : Appeal from the Order of the |
| | : Commonwealth Court at No. 935 CD 2013 |
| | : dated January 7, 2014, reconsideration |
| v. | : denied February 26, 2014, Affirming the |
| | : Order of the Lancaster County Court of |
| | : Common Pleas, Civil Division, at No. |
| MANHEIM TOWNSHIP SCHOOL | : CI-12-17815 dated May 24, 2013. |
| DISTRICT, | : |
| | : ARGUED:   April 7, 2015 |
| Appellant | : |

## DISSENTING OPINION

**MR. JUSTICE STEVENS**                    **DECIDED:   August 26, 2015**

In determining that a student can have more than one residence from which they are entitled to free transportation to school, the Majority imposes a newly created duty upon school districts that is unsupported by any authority.   Neither the School Code nor state regulations mandate that school districts must provide students with transportation to and from school from more than one location.   While a school district may choose to offer free transportation from multiple locations, a district should not be compelled to do so without more specific legislative direction after public hearings.

Such a sweeping policy that will affect all Pennsylvania school districts should be left to the Legislature, which is better suited to thoroughly consider the implications of such a protocol. What will this policy cost taxpayers? Will a school district have to rearrange busing every week if parents share custody every other week? Questions abound but unlike the Legislature, this Court does not hold public hearings, does not

have input from school administrators, school board members, bus drivers and other interested parties who can anticipate and consider the resulting consequences of this decision to Pennsylvania School Districts. Accordingly, I respectfully dissent as I conclude that the trial court abused its discretion in granting injunctive relief requiring the Manheim Township School District to provide such transportation.

The Majority correctly observes the plain language of the School Code does not provide any guidance on the issue of whether a student may have more than one residence for school purposes and does not explicitly contemplate a student whose parents do not live together. With respect to free transportation, Section 1361 of the School Code provides that "[t]he board of school directors in any school district may … provide for the free transportation of any resident pupil to and from the … school in which he is lawfully enrolled…." 24 P.S. § 13-1361. In a separate section of the School Code pertaining to attendance and school enrollment, Section 1302 provides that "a child shall be considered a resident of the school district in which his parents or the guardian of his person resides." 24 P.S. § 13-1302(a).

As the best indication of the General Assembly's intent in enacting a statute may be found in its plain language, this Court has emphasized that "it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." Karoly v. Mancuso, 619 Pa. 486, 510-11, 65 A.3d 301, 316 (2013) (quoting Martin v. Commonwealth, Department of Transportation, Bureau of Driver Licensing, 588 Pa. 429, 438, 905 A.2d 438, 443 (2006); Commonwealth v. Rieck Investment Corp., 419 Pa. 52, 59-60, 213 A.2d 277, 282 (1965)). Nevertheless, the Majority's statutory interpretation broadens and burdens a school district's transportation responsibilities absent specific evidence of legislative intent to do so.

The State Board of Education regulations support the notion that parents must designate one home as the student's residence for school purposes. In Section 11.11(a), the regulations clarify the enrollment procedure for a student whose parents live in different school districts:

> When the parents reside in different school districts due to separation, divorce or other reason, the child may attend school in the district of residence of the parent with whom the child lives for a majority of the time, unless a court order or court approved custody agreement specifies otherwise. If the parents have joint custody and time is evenly divided, the parents may choose which of the two school districts the child will enroll for the school year.

22 Pa. Code § 11.11(a).

While acknowledging that a student may have physical residences in two school districts, Section 11.11 prohibits a student from enrolling in both districts by expressly requiring parents to choose one district of residence to use for school purposes. As the majority notes, "it would be absurd to require, or even permit, a student to attend two school districts during alternating weeks." Majority Opinion, at 18. As such, Section 11.11 mandates that parents designate which home will be considered the student's residence for the purpose of school enrollment, even though the student technically resides in two districts.

This same logic extends to circumstances where a student lives in two residences within the same district. Parents must choose a residence for enrollment purposes to determine which neighborhood school their child will attend. It would be equally absurd to allow a student to attend two schools in the same district in alternating weeks based on their living arrangement.

The purpose of requiring parents to designate their child's residence and school district for enrollment purposes is to determine the student's eligibility for free school privileges, including transportation. The rule that a student cannot have more than one

residence for enrollment purposes applies equally to the student's entitlement to free transportation. A school district fulfills its obligation to provide free transportation to a resident student when it transports them to and from their designated residence in the school district in which the student is enrolled. Without any express legislative mandate to the contrary, we should not create different concepts for a student's residence for enrollment and their residence for transportation purposes.

Free transportation to school from multiple residences in the district should not be dictated by this Court. The likely burden to the taxpayers and cost-benefit of such a rule should be examined carefully and decided by the elected state legislators. To determine whether it is appropriate to impose such a requirement on all the districts in the Commonwealth, it is necessary to evaluate in public hearings the various policy issues and consequences of mandating transportation to and from multiple residences for each student. Such a change in policy will present a logistical strain for school directors to create bus schedules while promoting efficiency and safety. Uncertainty and delays in bus arrivals will likely arise due to the daily addition or deletion of stops and may be cause for concern to the parents of other student riders.[1] Constantly changing bus schedules increase the likelihood of a child getting on the "wrong" bus and arriving at an empty home. It will also be increasingly difficult for school districts to quickly determine which students are on a particular bus at a certain time in the case of an emergency.

---

[1] This would be a greater concern for rural school districts where students' homes are farther apart. When living at a second residence, a student may not have access to an existing bus stop for other children, requiring a bus to go miles out of its way to pick up and drop off that one student, leading to delays that will affect all of the students riding that particular bus.

Although the Majority does not address whether school districts will be required to provide transportation to students in situations where parents do not have equal joint custody, such problems will be amplified when districts are forced to accommodate parents' variable and informal domestic arrangements with little notice.

Moreover, the economic impact on school district budgets should also be thoroughly evaluated. Even though the Majority attempts to minimize the Manheim Township School District's saved costs from the elimination of such transportation, it is not realistic to extrapolate the statistics from one district and assume the same will be true for the rest of the districts in Commonwealth that vary in the size and the locational distribution of their population. Without input from the Department of Education and school administrators, it is impossible to predict the economic effect of this Court's mandate.

As a result, I find this Court should exercise restraint and decline to dictate matters of school policy where the school district properly exercised its discretion in adopting a transportation procedure setting criteria for the eligibility of resident pupils for free transportation services. The Commonwealth Court has astutely observed that "[i]t is unfortunate that parents who live apart, whether by choice or necessity, face greater difficulties in meeting their responsibilities to their children. … Mitigating such hardships, however, is not the purpose of … the School Code." North Allegheny School District v. Gregory P., 687 A.2d 37, 40 (Pa. Cmwlth. 1996) (concluding that a school district is not required to provide a student transportation from the residence of both his father and his mother and when the father resided outside the district). Accordingly, I dissent.